

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2005

# Taylor v. Williamsons

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Taylor v. Williamsons" (2005). *2005 Decisions.* Paper 978.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/978

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-254                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2158
_____

CHARLIE P. TAYLOR,
Appellant

v.

TROY WILLIAMSONS
Warden, FCI Allenwood MED.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00298)
District Judge:  Honorable William J. Nealon
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2005

Before: RENDELL, FISHER and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: June 21,  2005)

_____

OPINION

_____

PER CURIAM.

Appellant Charlie Taylor, a federal inmate incarcerated at the Allenwood

Correctional Institution in White Deer, Pennsylvania, appeals the order of the United

States District Court for the Middle District of Pennsylvania denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In 1999, Taylor pleaded guilty to possession with intent to distribute a substance containing detectable amounts of cocaine base and possession of a firearm in furtherance of a drug trafficking offense. The United States District Court for the Eastern District of Virginia imposed sixty months imprisonment for each sentence, consecutively. The United States Court of Appeals for the Fourth Circuit affirmed the convictions and sentences, and the United States Supreme Court denied certiorari review.

In 2002, Taylor filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence for both charges. The sentencing court vacated his conviction and sentence for the firearm offense and ordered a re-sentencing on the drug offense. Thereafter, the court vacated the drug conviction, as well, and reinstated the original indictment, except for the firearm charge. The government then filed a superseding indictment, and Taylor pleaded guilty to a drug offense of possession with intent to distribute five grams or more of cocaine base. In March 2003, the court imposed 100 months imprisonment.

In February 2005, Taylor filed the instant § 2241 petition alleging that his sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). In addition, Taylor asserted that because Blakely is an intervening change in law, § 2255 is "inadequate or ineffective," and thus § 2241 is available for

2

relief. Adopting the Magistrate Judge's Report and Recommendation, the District Court found that Taylor's petition challenging his sentence falls under § 2255, and that § 2255 is not an inadequate or ineffective remedy to test the legality of his detention. The court also noted that Taylor's Blakely/Apprendi claim lacks merit as he failed to recognize that his sentence was based upon the superseding indictment filed in January 2003 (not the original March 1999 indictment), which included a charge that permitted a 100-month prison sentence under the Guidelines. Accordingly, the District Court dismissed the § 2241 petition for lack of jurisdiction. Taylor timely filed this appeal and a motion for summary action.

Summary action is warranted when "no substantial question" is presented by the appeal. See 3d Cir. LAR 27.4; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). After a careful review of the record, we will summarily affirm.[1]

We agree with the District Court that Taylor's claims fall within the purview of § 2255. A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255; see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). We have held that § 2255 is not "inadequate or ineffective" for prisoners seeking to raise an Apprendi claim in a § 2241 proceeding. See Okereke v. United States,

---

[1] In reaching this disposition, we have fully considered, but reject, the arguments presented in Taylor's "Motion for Summary Action to Vacate, Remand, Set Aside or Reverse Judgment."

3

307 F.3d 117, 120-21 (3d Cir. 2002). Like Apprendi, Blakely (and moreover, United States v. Booker, 125 S. Ct. 738 (2005)), did not change the substantive law as to the elements of the offense for which Taylor was convicted. Therefore, the District Court properly determined that it lacked jurisdiction over Taylor's claims. See In re Dorsainvil, 119 F.3d at 249. Taylor's available avenue to seek relief is by filing a § 2255 motion in the sentencing court, and if he has already pursued that vehicle, he can file an application with the Court of Appeals for the Fourth Circuit for permission to file a second or successive § 2255 motion. Although Taylor may face substantive and procedural hurdles in presenting his claim in a § 2255 motion, that alone does not render a § 2255 motion an "inadequate or ineffective" remedy. See Okereke, 307 F.3d at 120-21.

In conclusion, because no substantial question is presented on appeal, the District Court's judgment will be affirmed.