

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2005

# Colon v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2306

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Colon v. Williamson" (2005). *2005 Decisions.* Paper 650.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/650

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-288                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2306
_____

JOSE COLON
                    Appellant

v.

T. WILLIAMSON, Warden FCI Allenwood;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 04–CV-01991)
District Judge: Honorable Richard P. Conaboy

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed August 26, 2005)

_____

OPINION
_____

**PER CURIAM**

Jose Colon appeals the dismissal of his habeas petition under 28 U.S.C. § 2241 by

the District Court for the Middle District of Pennsylvania.

Colon was convicted in the Southern District of New York of two drug offenses and was sentenced to two consecutive 20-year sentences. Colon, who is presently confined in the Middle District of Pennsylvania, filed a § 2241 habeas petition claiming that there was no factual basis for his enhanced sentence under the second count, and that both sentences are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court concluded that a § 2241 habeas petition was not the proper avenue for Colon to seek relief, and denied the petition without prejudice to Colon seeking to file a § 2255 motion in the appropriate court.

A § 2255 motion filed in the District Court which sentenced him is the presumptive means for a federal prisoner to challenge his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255. Okereke, 307 F.3d at 120. As found by the District Court, Colon has not made the requisite showing, and thus the petition may not be entertained.

Accordingly, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.