

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2005

# Tracy v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2659

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tracy v. Williamson" (2005). *2005 Decisions*. Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2659
_____

PATRICK WILLIAM TRACY,
Appellant

vs.

TROY WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00682)
District Judge: Honorable James M. Munley

_____


Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2005
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed October 28, 2005 )


_____

OPINION

_____

PER CURIAM.

In 1993, in the United States District Court for the District of Maine,

Patrick William Tracy was convicted by jury of unlawful possession of a firearm in

violation of 28 U.S.C. § 922(g). Serving his sentence at F.C.I.–Allenwood, he filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his conviction. He argued that the District Court had jurisdiction over his § 2241 petition because he "has filed multiple § 2255 motions and cannot obtain the relief from the application of new or recent Supreme Court decisions, United States v. Booker, . . . as well as, a challenge to the unconstitutionality of 18 U.S.C.A. § 924 (ACCA) in this case, which has no retroactive constraints." Petition at 9. The District Court disagreed, holding that it was without jurisdiction to consider his claims. Tracy filed a timely motion for reconsideration and a notice of appeal. The District Court denied Tracy's motion, and Tracy filed an amended notice of appeal. Because there is no substantial question on appeal, the District Court's orders will be affirmed.

In his § 2241 petition, Tracy relied on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), to generally challenge judicial fact-finding at his sentencing and to specifically challenge the constitutionality of the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"). He also claimed that the ACCA violated Article I, § 1, and the 5th Amendment of the United States Constitution, as well as the Rooker-Feldman doctrine. He made an additional claim that the use of the state criminal complaint or police report to prove the ACCA elements for sentencing was unconstitutional in light of Shepard v. United States, 125 S. Ct. 1254 (2005).

2

Despite Tracy's arguments to the contrary, he cannot bring his petition under 28 U.S.C. § 2241, because a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 cannot be considered an "inadequate or ineffective" remedy. 28 U.S.C. § 2255 (2005). Tracy may not be able to meet the procedural hurdles to bringing claims, such as his Article I delegation challenge, that he could have raised in his first § 2255 motion. However, § 2255 is not inadequate or ineffective just because a petitioner is unable to meet its stringent gatekeeping requirements. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Furthermore, we have held that § 2255 is not an inadequate or ineffective way to bring claims based on Apprendi. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Claims under Blakely and Booker are not sufficiently distinguishable from a claim under Apprendi to meet the In re Dorsainvil exception and permit Tracy to seek relief under § 2241. Cf. Okereke, 307 F.3d at 120-21. Also like Apprendi, Shepard did not change the substantive law as to the elements of the offense for which Tracy was convicted. See 125 S. Ct. at 1257. Success on his claim under Shepard (or on any of his constitutional challenges to the ACCA) would affect his sentence, not the criminality of his conduct. See In re Dorsainvil, 119 F.3d at 251.

In sum, the District Court was without jurisdiction to consider Tracy's petition under § 2241. Therefore, the District Court properly dismissed Tracy's petition and denied his motion for reconsideration. For the foregoing reasons, the District Court's

3

orders will be summarily affirmed.