

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2006

# Grant v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Grant v. Williamson" (2006). *2006 Decisions*. Paper 336.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 06-1778
_____

COREY GRANT,
Appellant

v.

TROY WILLIAMSON
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-00319)
District Judge: Honorable William W. Caldwell
_____

Submitted For Possible Summary Action Under Third Circuit
LAR 27.4 and I.O.P. 10.6
August 24, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed: October 11, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

In 1990 Corey Grant was charged in a juvenile complaint with RICO conspiracy,

RICO, conspiracy to distribute cocaine, distribution of cocaine and use of a firearm in

connection with a crime of violence (conspiracy to murder Dion Lee). The complaint was

transferred to adult court pursuant to the Federal Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5032. A jury in the United States District Court for the District of New Jersey found him guilty of all charges and the court sentenced him to life imprisonment plus five years. We affirmed and the Supreme Court denied certiorari. United States v. Grant, 6 F.3d 780 (3d Cir. 1993) (table), cert. denied, 510 U.S. 1061 (1994).

In 2006 Grant filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in which he argues that his conviction and sentence are invalid because juveniles cannot be tried for conspiracy, the court lacked jurisdiction to transfer RICO offenses under § 5032, the court's jury charge violated Bailey v. United States, 516 U.S. 137 (1995), and because his due process rights were "violated by joinder/prosecution of drug distribution counts (5&6) of superceding indictment." Grant maintains that he may pursue his claims under § 2241 rather than § 2255 because a § 2255 motion would be untimely and the conduct of which he was convicted was not criminal because juveniles cannot be convicted of conspiracy. He relies on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The District Court disagreed, explaining that claims challenging a conviction or sentence must be brought under § 2255 unless § 2255 is "inadequate or ineffective;" and it is not rendered inadequate or ineffective by the effects of AEDPA's statute of limitations. Moreover, while Grant's innocence argument may in part justify using § 2241 were he faced with AEDPA's restrictions on filing second or successive § 2255 motions, Grant has never filed a § 2255 motion and is not jurisdictionally barred from

2

doing so. The court noted that even if such a motion were untimely, the statute of limitations is an affirmative defense which would not apply unless raised by the Government or the District Court. Accordingly, the District Court dismissed Grant's petition for lack of jurisdiction. This appeal followed.[1]

We agree with the District Court that Grant cannot proceed under § 2241 but must instead use § 2255. Section 2241 may be substituted for § 2255 only in exceptional circumstances such as those faced by Dorsainvil, who "was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Grant, by contrast, does not maintain that the actions for which he was convicted have since been decriminalized. Moreover, he could have raised his claims on direct appeal or in a timely § 2255 motion, and indeed has yet to file a § 2255 motion. Because a § 2255 motion must be filed in the sentencing court, and because Grant filed his § 2241 petition in a court that did not sentence him, the District Court correctly dismissed his petition for lack of jurisdiction rather than construing it as a § 2255 motion. Accordingly, the appeal does not present a substantial issue and we grant the appellee's motion for summary affirmance.

---

[1] We have jurisdiction under 28 U.S.C. § 1291; our review is plenary. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).