

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2006

# Romero v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2341

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Romero v. Samuels" (2006). *2006 Decisions.* Paper 204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2341
_____

MIGUEL ROMERO,
Appellant

v.

CHARLES E. SAMUELS, et al.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 06-cv-00924)
District Judge: Honorable Freda L. Wolfson

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>.

(Filed: November 15, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Miguel Romero appeals the denial of his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 by the District Court for the District of New Jersey.

I.

Romero was convicted in the Southern District of Florida for conspiracy to possess with intent to distribute cocaine and sentenced to 252 months imprisonment. Romero subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied, and a motion to file a second or successive motion to vacate, which was denied in January 2006. Thereafter, Romero filed a § 2241 habeas petition in the District of New Jersey, his district of confinement, alleging (a) that his indictment failed to charge a substantive offense; (b) a conspiracy to amend the indictment during the sentencing phase of the trial; and (c) unconstitutional sentencing enhancements. The District Court dismissed the petition, finding that Romero's claims could not be raised in a § 2241 petition. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

II.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge to his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

2

Romero's claims fall within the purview of § 2255, and as found by the District Court Romero has not demonstrated that § 2255 is "inadequate or ineffective." Romero's reliance on the non-waiver of jurisdictional defects is misplaced. Neither the government's purported failure to charge a 21 U.S.C. § 841(b) drug quantity in the indictment or its purported amendment of the indictment at sentencing raise a jurisdictional claim. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (holding that indictment defects are not jurisdictional); United States v. Bieganowski, 313 F.3d 264, 286-87 (5th Cir. 2002) (finding that claim of constructive amendment of indictment is not a jurisdictional claim). Also, Romero's reliance on In re Dorsainvil, 199 F.3d 245 (3d Cir. 1997), for the proposition that pursuant to United States v. Booker, 543 U.S. 220 (2005), he is actually innocent lacks merit. Unlike the intervening change in law in Dorsainvil that potentially made the crime for which the petitioner was convicted non-criminal, Booker applies to sentencing and does not render Romero's offense of conviction non-criminal." Cf. Okereke, 307 F.3d at 120-21 (finding § 2255 not "inadequate or ineffective", where successive petitioner sought to raise sentencing claim based on intervening decision in New Jersey v. Apprendi, 530 U.S. 466 (2001)).

III.

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.

3