

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# Williams v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. Miner" (2007). *2007 Decisions*. Paper 969.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/969

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-106                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5021
_____

DERRICK WILLIAMS,
                                    Appellant
vs.

WARDEN MINER
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 06-cv-02242)
District Judge: Honorable James M. Munley
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2007
Before:  SCIRICA, <u>CHIEF</u> <u>JUDGE</u>, WEIS and GARTH, <u>CIRCUIT</u> <u>JUDGES</u>.
Filed:  (June 8, 2007)

_____

OPINION
_____

PER CURIAM.

 Derrick Williams, a federal prisoner, appeals an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas petition filed

pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  We will affirm.

1

In 1995, Williams pleaded guilty to drug and firearms offenses in the United States District Court for the Eastern District of Pennsylvania. Williams was sentenced to 270 months in prison, to be followed by a period of supervised release. This Court affirmed the judgment on direct appeal. See C.A. No. 96-2107. Williams thereafter filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District Court in June 1999. The District Court denied the motion, and we declined to issue Williams a certificate of appealability. See C.A. No. 00-2934. The District Court also denied Williams' subsequent motion for a modification of his sentence under 18 U.S.C. § 3582(c)(2). Once again, this Court affirmed. See C.A. No. 02-2540. We also denied a request by Williams for authorization under 28 U.S.C. § 2244 to file a second or successive § 2255 motion. See C.A. No. 04-1451.

In 2004, Williams returned to the District Court for the Eastern District of Pennsylvania and filed yet another motion to vacate sentence under § 2255. The District Court transferred the motion to this Court to be treated as a request under 28 U.S.C. § 2244 for authorization to file a second or successive § 2255 motion. We denied authorization a second time. See 05-4396. Williams then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, which the court dismissed for lack of jurisdiction. Having concluded that the District Court did not err in dismissing Williams' § 2241

petition, we dismissed his appeal from that decision as lacking merit pursuant to 28 U.S.C. § 1915(e)(2)(B). See C.A. No. 06-2760.

Undeterred, Williams returned to the District Court for the Middle District of Pennsylvania in November 2006 and filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his conviction and sentence were "executed and prosecuted" in violation of federal statutes and the United States Constitution and that he received ineffective assistance of counsel. As with Williams' first § 2241 petition, the District Court concluded that it lacked jurisdiction to consider the petition and dismissed it accordingly. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court, we will summarily affirm the order of dismissal.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or

3

because Williams has been unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Williams makes no allegation that he is actually innocent of the crimes for which he was convicted. He merely asserts a spin off of the "federalism" claim that was presented in his original § 2255 motion. The exception identified in In re Dorsainvil is simply inapplicable, and Williams may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, the District Court's order of dismissal entered on November 28, 2006 will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.