

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2002

# Okereke v. USA

Precedential or Non-Precedential: Precedential

Docket No. 01-1007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Okereke v. USA" (2002). *2002 Decisions.* Paper 633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed September 12, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1007

UCHENNA H. OKEREKE,
        Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 00-cv-05289)
District Judge: Hon. Joseph E. Irenas

No. 01-4075

UNITED STATES OF AMERICA

v.

UCHENNA H. OKEREKE,
        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 93-cr-00108)
District Judge: Hon. Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before: SLOVITER and RENDELL, Circuit Judges,
and McCLURE,* District Judge

(Filed: September 12, 2002)

        Patricia A. Nichols
        Bloomfield, N.J. 07003
         Attorney for Appellant

        George S. Leone
         Chief, Appeals Division
        Glenn J. Moramarco
         Assistant U.S. Attorney
        Christopher J. Christie
         United States Attorney
        Office of United States Attorney
        Newark, N.J. 07102

         Attorneys for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is a consolidated appeal in which Appellant, Uchenna H. Okereke, alleges that the District Court erred for numerous reasons. We do not reach the merits because the District Court lacked jurisdiction to review Okereke's 28 U.S.C. S 2255 motion. Furthermore, because Okereke has not only served his prison term but has also been deported from the United States, all remaining issues regarding sentencing are moot.

_____

* Hon. James F. McClure, Jr., United States District Court for the Middle District of Pennsylvania, sitting by designation.

2

I.

On March 3, 1993, Appellant Uchenna Okereke was charged in a single count indictment with conspiracy"to import into the United States . . . more than 1 kilogram of heroin" contrary to 21 U.S.C. SS 952(a) and 960(a)(1) and in violation of 21 U.S.C. S 963. His trial began before a jury in the United States District Court for the District of New Jersey, but on the third day of trial, Okereke retracted his not guilty plea and pled guilty. At the guilty plea hearing, Okereke admitted to two separate incidents involving heroin importation. Okereke was sentenced to 135 months in prison and five years of supervised release. He appealed his final judgment of conviction and sentence to this court. We affirmed in a memorandum opinion filed December 15, 1994.

On May 18, 1995, Okereke filed his first motion under 28 U.S.C. S 2255. The District Court granted the portion of the motion seeking resentencing but denied the claim of ineffective assistance of counsel on its merits. On June 3, 1996, Okereke filed his second motion under 28 U.S.C. S 2255. Because Okereke failed to obtain certification authorizing consideration of the motion from this court, the District Court dismissed it as a barred second S 2255 motion.

More than three years later on October 26, 2000, Okereke filed his third S 2255 motion. This time, Okereke argued that his Fifth Amendment Due Process rights and Sixth Amendment right to a jury and notice were violated because the finding that he was responsible for between three and ten kilograms of heroin was not made by a jury using a beyond a reasonable doubt standard of proof but instead made by a trial judge at sentencing using the preponderance of evidence standard. He based this motion on Apprendi v. New Jersey, 530 U.S. 466 (2000).

On December 5, 2000, the District Court held that it had

jurisdiction to consider Okereke's claims by recharacterizing Okereke's S 2255 motion as a motion for relief pursuant to 28 U.S.C. S 2241. The District Court then denied Okereke relief on the merits of his claim, but issued a certificate of appealability on the Apprendi issue. That appeal is before us now.

3

On May 24, 2001, Okereke filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. S 3582(c)(2). The District Court denied Okereke's motion, and Okereke appealed. The two appeals were consolidated, and are before us now.

For the record, Okereke is no longer in the United States. On December 20, 2001, Okereke was released from federal custody and turned over to the INS for deportation. Okereke was deported on January 10, 2002.

II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C SS 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The appeal in No. 01-1007 is from the District Court's order recharacterizing Okereke's motion under 28 U.S.C. S 2255 as one pursuant to 28 U.S.C. S 2241, and by doing so, empowering itself to review the motion on its merits. The government maintains that the District Court did not have jurisdiction to hear the motion in the first instance. We agree.[1]

Okereke argues that his third motion under S 2255 was, in fact, a motion made under S 2244, but does not explain why this is important. Section 2244 refers to procedures and applications necessary to gain certification for successive habeas corpus petitions from courts of appeals, and must be read in conjunction with S 2255. In re Turner, 267 F.3d 225, 227 (3d Cir. 2001). In any event, the District Court properly construed Appellant's third motion as a petition under S 2255 for habeas corpus relief.

_____

1. Appellant contends that the government waived its jurisdictional argument because it failed to raise it before the District Court. Appellant is wrong. It is well-settled that a party can never waive lack of subject matter jurisdiction. See Pennsylvania v. Union Gas Co., 491 U.S. 1, 26 (1989) (Stevens, J., concurring).

4

Motions pursuant to 28 U.S.C. S 2255 are the presumptive means by which federal prisoners can

challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343 (1974). In In re Dorsainvil , we interpreted the statutory language providing that S 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir. 1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995), deemed not to be criminal. See id.

The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of aS 2255 motion. However, In re Dorsainvil was a rare situation. A S 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a S 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The District Court misconstrued the narrowness of our holding in In re Dorsainvil where we were careful to limit the holding by stating: "We do not suggest thatS 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke S 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended S 2255." 119 F.3d at 251.

Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly,

5

under our In re Dorsainvil decision, S 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument. As a successive S 2255 motion, the District Court lacked jurisdiction to consider its merits.

III.

We thus proceed to Okereke's appeal in No. 01-4075 in which he argues that the District Court erred when it denied his motion to reduce his sentence pursuant to 18 U.S.C. S 3582(c). Because Okereke has not only completed his prison sentence but also has been deported from the United States, the government argues that his appeal is moot. We agree.

In order for us to exercise our jurisdiction, there must be an Article III, S 2 case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Even if a case or controversy existed during the district court proceedings, Okereke must show that one currently exists for us to exercise our jurisdiction. See Chong v. District Director, I.N.S., 264 F.3d 378, 383 (3d Cir. 2001). Furthermore, Okereke must demonstrate that he has suffered or is threatened with an actual injury traceable to the District Court's decision that can be redressed by a favorable decision here. See id. at 384. Because Okereke has failed to make these requisite showings, his appeal is moot.

In his reply brief, Okereke argues that because his conviction provided the basis for his deportation, a reversal of his conviction would permit his reentry into the United States. As Okereke provides us with no basis for overturning his conviction, we are left with his various arguments in favor of resentencing. Even if we granted him relief on all of these arguments, his conviction would remain, thereby precluding reentry into the country. Thus, a favorable decision on our part -- namely, a sentence reduction -- would not provide Okereke with the tangible benefit of reentry into the United States. Accordingly, his appeal is moot.

IV.

For the foregoing reasons, we will vacate the District Court's order in No. 01-1007, because the District Court

6

lacked jurisdiction, and we will dismiss the appeal in No. 01-4075.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

7