

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Herrera v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1923

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Herrera v. Williamson" (2005). *2005 Decisions.* Paper 733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-293                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1923
_____

CURT HERRERA

Appellant
v.

WARDEN TROY WILLIAMSON;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-02803 )
District Judge: Honorable Malcolm Muir

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2005

Before: ALITO, MCKEE and AMBRO, <u>Circuit Judges</u>

(Filed: August 4, 2005)

_____

OPINION
_____

PER CURIAM

    Curt Herrera appeals the dismissal of his habeas petition under 28 U.S.C. § 2241

by the District Court for the Middle District of Pennsylvania.

Herrera was convicted in 1993 in the Southern District of New York of numerous counts of racketeering, use of firearms, and use of explosives. He was sentenced to life imprisonment followed by consecutive terms totaling 105 years. Herrera's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied in 1997, and the United States Court of Appeals for the Second Circuit denied his two applications for permission to file a second or successive motion to vacate.

In 2004, Herrera, who is currently confined within the Middle District of Pennsylvania, filed a habeas petition under 28 U.S.C. § 2241 alleging withholding of exculpatory evidence, improper vouching by the trial court, insufficient evidence and actual innocence of the use of firearms offenses, and ineffective counsel. The District Court dismissed the habeas petition for lack of jurisdiction. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A § 2255 motion filed in the District Court of sentencing is the presumptive means for a federal prisoner to challenge to his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

There is no doubt that Herrera's claims fall within the purview of § 2255.

2

Furthermore, as found by the District Court, Herrera has not demonstrated that § 2255 is "inadequate or ineffective." Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.