

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# Reid v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Reid v. Apker" (2005). *2005 Decisions.* Paper 515.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/515

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-354 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 05-3262

COLIN REID,
                                            Appellant
                    v.

WARDEN CRAIG APKER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00902)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 1, 2005
Before: SLOVITER, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed : September 20, 2005)
_____

OPINION
_____

PER CURIAM

    Appellant Colin Reid appeals from the denial of a petition for habeas corpus under

28 U.S.C. § 2241. Reid's petition challenges his conviction and must be brought under

28 U.S.C. § 2255. Thus, because the appeal presents no substantial question, we will

summarily affirm. <u>See</u> L.A.R. 27.4.

    Reid, a Jamaican national confined at FCI-Allenwood at the time of filing this

action, is currently serving a five-year federal sentence for possession with the intent to distribute a controlled substance. On May 3, 2005, Reid filed a § 2241 petition alleging due process and equal protection violations for the denial of his rights under the Vienna Convention on Consular Relations, Dec. 24, 1969, art. 36, 21 U.S.T. 77. The District Court ruled that Reid's petition could not be brought under § 2241 because § 2255 is the exclusive means by which a federal prisoner can challenge his conviction. The Court then dismissed the petition without prejudice for Reid to file a § 2255 motion. Reid appeals.[1]

A § 2255 motion is the presumptive means for a federal prisoner to challenge the fact or duration of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle, 290 F.3d at 538. Section 2255 is not "inadequate or ineffective" merely because the sentencing court previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to pursue a successive motion. Id. at 539; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Reid argues that because he challenges official actions at the time of his arrest, he

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

is not challenging his conviction. However, an assertion that his conviction should be reversed because he was denied rights under the Vienna Convention is a classic example of a challenge to a conviction. Further, we note that Reid now is likely time-barred from filing a § 2255 motion, see § 2255 ¶ 6, but his failure to take advantage of federal habeas relief within the appropriate time does not make § 2255 inadequate or ineffective. See Cradle, 290 F.3d at 539.

Thus, no substantial question is presented with respect to whether the District Court erred in dismissing the petition. Accordingly, the District Court's order will be affirmed.