

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2005

# Diaz-Pabon v. Warden Lewisburg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Diaz-Pabon v. Warden Lewisburg" (2005). *2005 Decisions.* Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4324
_____

OSVALDO DIAZ-PABON,
Appellant

v.

WARDEN, USP LEWISBURG, PA;
ATTORNEY GENERAL FOR THE
DISTRICT OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civil No. 04-cv-2196)
District Judge: Honorable Edwin M. Kosik

_____

Submitted For a Determination of Whether a Certificate of Appealability is Necessary or
Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2005

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed December 28, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

Osvaldo Diaz-Pabon appeals pro se from orders of the United States District Court

for the Middle District of Pennsylvania denying a habeas petition brought pursuant to 28

U.S.C. § 2241 and his motion for reconsideration. In 1996, Diaz-Pabon was convicted in the United States District Court for the District of Puerto Rico of aiding and abetting and two counts each of carjacking and using a firearm during the commission of a crime of violence. United States v. Diaz-Pabon, No. 96-cr-00022 (D.P.R. 1996). Diaz-Pabon was sentenced to imprisonment for life for one of the carjacking offenses and to varying periods of concurrent imprisonment for the remaining counts. The Court of Appeals for the First Circuit affirmed Diaz-Pabon's convictions. See United States v. Diaz-Pabon, Nos. 97-1422 & 97-1423 (1st Cir. Aug. 20, 1998).

In 1999, Diaz-Pabon filed a motion to vacate sentence under 28 U.S.C. § 2255 in the District of Puerto Rico. In that motion, Diaz-Pabon sought, among other things, retroactive application of Jones v. United States, 526 U.S. 227, 232-35 (1999). In Jones, the Supreme Court held that subsections (1) and (3) of the federal anti-carjacking statute, 18 U.S.C. § 2119, which establish more severe penalties for cases resulting in substantial injury or death, were elements of the offense which created jury questions. The § 2255 court denied relief on this claim, noting that, at the time of Diaz-Pabon's trial (which pre-dated Jones), First Circuit law regarded these statutory elements as sentencing factors and that Jones was not retroactively applicable to cases on collateral review. The § 2255 court also denied relief for Diaz-Pabon's other claims, and the First Circuit Court of Appeals denied his ensuing request for a certificate of appealability. The United States Supreme Court denied his petition for certiorari.

On October 5, 2004, Diaz-Pabon, who was then incarcerated at the United States

Penitentiary at Lewisburg, Pennsylvania, filed his habeas petition in the United States District Court for the Middle District of Pennsylvania. The 38-page petition contains numerous claims which Diaz-Pabon raised both on direct appeal and in his previous § 2255 motion, including the constitutionality of § 2119, ineffective assistance of counsel and due process violations in connection with the <u>Jones</u> issue, and the trial court's failure to strike a juror for cause. Diaz-Pabon also asserts that he is being imprisoned for non-criminal conduct and is "actually innocent" of both his conviction and sentence. The District Court denied Diaz-Pabon's habeas petition, concluding that he had not shown that § 2255 was inadequate or ineffective so as to enable him to proceed under § 2241. Diaz filed several motions, asking the court to reconsider its decision in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and <u>West v. Vaughn</u>, 204 F.3d 53 (3d Cir. 2000). The District Court denied these motions. Diaz-Pabon timely appealed and has filed an opposition to summary action.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Because Diaz-Pabon's first motion for reconsideration was filed within 10 days, the underlying denial of habeas relief is before us for review. <u>See</u> Fed. R. App. P. 4(a)(4). After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Cir. LAR 27.4 and I.O.P. 10.6. We will, therefore, summarily affirm the District Court's

---

[1]Diaz-Pabon also filed a request for a certificate of appealability, including an appendix, as his case was originally listed as requiring a certificate of appealability. As a certificate of appealability is unnecessary for an appeal from the denial of a petition brought under 28 U.S.C. § 2241 by a federal prisoner, we need not address this request. <u>See</u> <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000).

judgment.

Section 2255 is the presumptive means for a federal prisoner to challenge his sentence or conviction. Davis v. United States, 417 U.S. 333, 343 (1974). A habeas petitioner can seek relief under 28 U.S.C. § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of [the] detention." See 28 U.S.C. § 2255 ¶ 5. A previous denial of § 2255 relief does not render § 2255 inadequate or ineffective. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, § 2255 is inadequate or ineffective only where the petitioner demonstrates a limitation in the scope or procedure offered by § 2255 which would prevent him from having a full hearing and adjudication of his claim. See id. at 538.

We agree with the District Court that Diaz-Pabon has not demonstrated such a limitation in § 2255's scope or procedure here. Diaz-Pabon's § 2241 petition raises no claims which could not have been raised in a motion pursuant to § 2255. In fact, Diaz-Pabon appears to have raised many of his claims, including his Jones claim, in his § 2255 motion filed in the First Circuit. He cannot use § 2241 as a forum for repeating these claims in the District Court.

As to Diaz-Pabon's "actual innocence" claim, we note that his reliance on Bailey v. United States, 516 U.S. 137 (1995), is misplaced. Diaz-Pabon contends that he could not be found guilty of using a firearm in connection with a crime of violence under 18 U.S.C. § 924(c), because he was not the person who "actively employed" the gun used in the carjacking offenses. This argument overlooks Diaz-Pabon's conviction for aiding and

4

abetting, under which he can be punished as a principal even if he never touched the gun. See 18 U.S.C. § 2. Regardless of the question of its merit, however, Diaz-Pabon could have raised this claim in a § 2255 motion and cannot, therefore, raise it in a § 2241 petition. See Cradle, 290 F.3d at 538. Moreover, Diaz-Pabon was convicted in 1996, a year after Bailey was decided. Thus, this Bailey argument should have been used, if at all, as a theory of defense at trial.

The District Court did not abuse its discretion in denying Diaz-Pabon's motion for reconsideration, correctly finding that neither Booker nor West provide any ground for reconsideration of the denial of habeas relief. Even assuming, for the purposes of discussion, that Booker applied to Diaz-Pabon's situation, we agree with the District Court's observations that Booker did not de-criminalize any conduct related to Diaz-Pabon's convictions and, therefore, does not permit him access to § 2241. See Okereke, 307 F.3d 117, 120-21 (3d Cir. 2002). West v. Vaughn, is similarly unhelpful to Diaz-Pabon, as it was abrogated by Tyler v. Cain, 533 U.S. 656, 664-66 (2001).

For the foregoing reasons, we will summarily affirm the District Court's judgment. Appellant's request for a certificate of appealability is denied as unnecessary, and the motion for the appointment of counsel is DENIED as moot.