

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2006

# In Re Scarborough

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re Scarborough " (2006). *2006 Decisions.* Paper 68.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/68

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-47                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2760
_____

DERRICK WILLIAMS,

Appellant

v.

WARDEN MINER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-00795)
District Judge:  Honorable James M. Munley
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2006

Before: Sloviter, Chagares and Nygaard, Circuit Judges.

(Filed December 12, 2006)

_____

OPINION
_____

PER CURIAM

Derrick Williams, a federal prisoner, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas

corpus under 28 U.S.C. § 2241. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In 1995, Williams pleaded guilty to drug and firearms offenses in the United States District Court for the Eastern District of Pennsylvania. Williams was sentenced to 270 months in prison. This Court affirmed the judgment on direct appeal.

In 1999, Williams filed in District Court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion, and this Court denied a certificate of appealability. The District Court also denied Williams' subsequent motion for a modification of his sentence under 18 U.S.C. § 3582(c)(2). This Court affirmed. This Court also denied requests by Williams for authorization under 28 U.S.C. § 2244 to file a second or successive § 2255 motion in District Court.

In 2004, Williams filed in District Court another motion to vacate sentence under § 2255. The District Court transferred the motion to this Court to treat as a request under § 2244 for authorization to file a second or successive § 2255 motion. This Court denied authorization, and Williams then filed a petition for a writ of habeas corpus pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania raising the same claims he sought to raise in his § 2255 motion.[1]

---

[1]Williams sought to raise claims that his conviction could not be sustained under Bailey v. United States, 516 U.S. 137 (1995), that his sentence was invalid under United States v. Booker, 543 U.S. 220 (2005), and that he received ineffective assistance of counsel.

2

The District Court did not err in dismissing Williams' § 2241 petition. Motions pursuant to § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the sentencing court denied relief, or because the petitioner is unable to meet the gatekeeping requirements of § 2255. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Id. at 538.

Williams has not made such a showing. Williams was unable to meet the gatekeeping requirements of § 2255, and he may not evade those requirements by seeking relief under § 2241.[2] Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

---

[2] Williams' case is distinguishable from In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which the Court allowed the petitioner to raise a Bailey claim under § 2241. The petitioner in that case had no earlier opportunity to challenge his conviction for a crime that Bailey may have negated. Id. at 251. As recognized by the District Court, Williams raised a Bailey claim in District Court in a motion to withdraw his plea. See United States v. Williams, 1996 WL 119972 (E.D. Pa. 1996) (denying motion to withdraw plea).

[3] Appellee's motion for summary affirmance is unnecessary and, therefore, denied.

3