

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Rodriguez v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rodriguez v. Williamson" (2007). *2007 Decisions.* Paper 733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5036
_____

JAIME RODRIGUEZ,

Appellant
v.

WARDEN TROY WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-CV-01489)
District Judge:  Honorable A. Richard Caputo

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2007

Before:  BARRY, AMBRO and FISHER, <u>Circuit Judges</u>.

(Filed: July 18, 200 7 )
_____

OPINION
_____

PER CURIAM

    Jamie Rodriguez, an inmate at United States Penitentiary in Lewisburg,

Pennsylvania, was convicted in the United States District Court for the Southern District

of New York for conspiracy to distribute and possession with intent to distribute one

kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1).  Rodriguez was

sentenced to 300 months imprisonment.  The trial court denied Rodriguez' subsequent

motion to vacate under 28 U.S.C. § 2255.

In July 2006, Rodriguez filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania.  Rodriguez

claimed that pursuant to the recent statutory interpretation of 21 U.S.C. § 841(b)(1)(A) in

United States v. Gonzalez, 420 F.3d 111 (2nd Cir. 2005), he was improperly convicted

and actually innocent of the § 841(b)(1)(A) offense.  The District Court dismissed the

petition for lack of jurisdiction.  The District Court also denied Rodriguez' motion to alter

or amend its judgment.[1]

As an initial matter, we are not bound by the Second Circuit's decision in

Gonzalez and therefore decline to determine whether, as Rodriguez argues, it is

retroactively applicable on collateral review or otherwise rendered the sentencing court

without jurisdiction.  Furthermore, we agree with the District Court's thorough analysis

set forth in its memorandum opinions dated September 28, 2006 and November 26, 2006.

In short, Rodriguez' reliance on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) is

misplaced.  In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) we recognized the

narrowness of our holding in Dorsainvil. 307 F.3d at 120.  We held that an intervening

---

[1]As a federal prisoner, Rodriguez is not required to obtain a certificate of
appealability to appeal the denial of his § 2241 petition.  United States v. Cepero, 224
F.3d 256, 264-65 (3d Cir. 2000).

2

change in law affecting sentencing did not render the petitioner's offense of conviction, conspiracy to import heroin, noncriminal. See id. Accordingly, we concluded that § 2255 was not "inadequate or ineffective" to raise the claim, and thus the District Court lacked jurisdiction to consider the § 2241 petition. See id. at 121. Similarly, Rodriguez' claim does not render his offense of conviction noncriminal, and thereby does not fall within the "inadequate or ineffective" safety valve of § 2255.

Because § 2241 petitions are to be filed in the district of confinement, we find no error in the District Court's failure to transfer the matter to the Second Circuit. See 28 U.S.C. § 1404(a).

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I. O.P. 10.6.

3