**Syeed BRIGGS, Appellant**

v.

**Troy LEVI, Warden Custodian– FDC Philadelphia.**

No. 08–1399.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 17, 2008.

Filed: April 22, 2008.

Syeed Briggs, Philadelphia, PA, pro se.

U.S. Atty. Phila., Robert A. Zauzmer, Esq., Philadelphia, PA, for Troy Levi, Warden Custodian-FDC Philadelphia.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Syeed Briggs is presently confined at the Federal Detention Center in Philadelphia. Proceeding pro se and in *forma pauperis*, Briggs appeals the District Court's denial of his habeas petition under 28 U.S.C. § 2241. For the following reasons, we will affirm.

In 2007, a jury returned a verdict of guilty against Briggs for conspiracy to commit armed bank robbery with a dangerous weapon, aiding and abetting in the same, using and carrying a firearm in furtherance of a crime of violence, and aiding and abetting in the same. Briggs filed a notice of appeal the day following the jury's guilty verdict. Before he was scheduled to be sentenced, he filed the instant habeas petition pursuant to 28 U.S.C. § 2241 arguing that it was unlawful for state police officers to participate in executing a federal search warrant; that certain physical evidence should not have been introduced at trial; that he was subjected an unlawful arrest; and that his confession was admitted into evidence in violation of his Fifth Amendment rights.

The District Court denied Briggs's petition as inappropriately filed pursuant to § 2241, and further explained that it would not convert the motion to one under § 2255, because a collateral attack would be premature given that Briggs had not even been sentenced yet.

We have jurisdiction over the appeal under 28 U.S.C. §§ 1291 and 2253(a), and we exercise plenary review over the District Court's dismissal. *See Okereke v. United States*, 307 F.3d 117, 119 (3d Cir. 2002).

Only under narrow circumstances, such as when a petitioner had no "earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate," will the remedy afforded by § 2255 be deemed "inadequate or ineffective,"[1] and thereby permit a federal prisoner resort instead to the writ of habeas corpus under § 2241. *See In re: Dorsainvil*, 119 F.3d 245, 252 (3d Cir. 1997).

We agree with the District Court that Briggs has not shown that a § 2255 motion would be inadequate or ineffective to challenge the legality of his sentence. Indeed, at the time that he filed his habeas petition, he was still awaiting his sentencing on the underlying charges, and his direct appeal of his conviction, albeit premature, was still pending in this court. We also agree with the District Court that converting his petition to a motion under § 2255 would be inappropriate and premature in light of his pending direct appeal. *See Kapral v. United States*, 166 F.3d 565, 570–72 (3d Cir.1999). Accordingly, we affirm the District Court's order.

---

1. Collateral attacks against a federal sentence must be raised in a motion pursuant to 28 U.S.C. § 2255, unless doing so would be inadequate or ineffective. *See* § 2255; *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002). "Only where the petitioner demonstrates that some limitation of scope or procedure would prevent a 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim," may a motion under 2255 be deemed "inadequate or ineffective." *See id.*

Appellant's motion to intervene, vacate, and set aside the District Court's sentencing pending outcome of the appeal is denied.