HLD-176  (August 2010)                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2054
_____

AMAURY ROSARIO,

Appellant

v.

RONNIE R. HOLT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 10-cv-00204)

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

(filed: October 12, 2010)

_____

OPINION
_____

PER CURIAM.

        Amaury Rosario, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania dismissing his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will affirm.

1

Rosario filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his 2001 conviction in the United States District Court for the Eastern District of New York. Rosario was convicted of conspiracy to commit robbery and attempted robbery in violation of 18 U.S.C. § 1951 (Hobbs Act), use of a firearm in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1), and four counts of murder. In his petition, Rosario focused on claims of actual innocence and newly discovered evidence; he also raised, but did not describe or argue, a claim of ineffective assistance of counsel. Rosario alleged that the sole witness the Government relied upon to prove the interstate commerce element of the Hobbs Act offenses perjured himself by testifying differently a year later in a civil case than he did at Rosario's trial. He claimed that the transcript from the civil case reveals the alleged perjury, and that it is newly discovered evidence of his actual innocence of the Hobbs Act offenses (because there was insufficient evidence of the interstate commerce element) and the lack of jurisdiction of the sentencing court. Rosario also claimed that the transcript shows that the witness was a paid informant and that the Government failed to disclose this fact.

The Magistrate Judge recommended that Rosario's petition be dismissed because a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed in the sentencing court is the exclusive means to challenge his conviction. The Magistrate Judge noted that Rosario had filed a § 2255 motion with the sentencing court, as well as a request to file a second or successive § 2255 motion, and that both were denied. Nonetheless, the

2

Magistrate Judge concluded that Rosario's claims did not satisfy the narrow exception allowing a petition to be filed under § 2241 where a § 2255 motion would be "inadequate or ineffective" to test the legality of detention. The District Court adopted the Magistrate Judge's report and recommendation and dismissed the petition. Rosario filed a motion for reconsideration, which the District Court also denied. This appeal followed.

As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the sentencing court denies relief, the one-year statute of limitations has expired, or the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. See also In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997) (construing "inadequate or ineffective" provision of § 2255).

3

Rosario has not made such a showing. He explains that he tried to raise his claims before the sentencing court, but the Court of Appeals for the Second Circuit denied his request to file a second or successive § 2255 motion "without prejudice to filing a 28 U.S.C. 2241 motion in the district court"[1] and that we should "correct this error." App. Mem. of Law, filed June 3, 2010. Rosario provided a copy of the Second Circuit's order, which states that his request to file a second or successive § 2255 motion was denied because he did not satisfy the criteria for a such a motion, 28 U.S.C. § 2255(h), and that his actual innocence claim does not fall within the savings clause, 28 U.S.C. § 2255(e), because he failed to show that he could not have raised his claim at an earlier time.

The fact that Rosario did not meet the stringent requirements for filing a second § 2255 motion does not mean that a § 2255 motion is "inadequate or ineffective" such that Rosario may proceed via § 2241. Cradle, 290 F.3d at 539. Furthermore, Rosario's claims are based upon the transcript of a deposition that he says took place in 2002, about eight years ago. Rosario has failed to show that this evidence is new or that he could not have raised his claims earlier. The "safety valve" provided by § 2255(e) is a narrow one that applies only in rare situations, such as when a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed not criminal due to a

---

[1] The copy of the order Rosario provided does not show this language. However, even if it were present, it would not alter the fact that Rosario has failed to show that § 2255 is inadequate or ineffective.

change in the law.  <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 251.  Rosario has not demonstrated that his is such a rare situation.  Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.