ALD-013                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3344
_____

BRIGHT FALODUN,
                                                    Appellant
v.

RICARDO MARTINEZ, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:10-cv-00409)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion Filed: October 21, 2011)

_____

OPINION
_____

PER CURIAM.

Bright Falodun, a federal prisoner proceeding pro se, appeals from the

order of the United States District Court for the Middle District of Pennsylvania

dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

For the reasons that follow, we will summarily affirm.

## I.

In June 2002, a jury in the United States District Court for the District of Minnesota found Falodun guilty of bank fraud, conspiracy to commit bank fraud, access device fraud, possession of five or more false identification documents, and possession of fifteen or more unauthorized access devices. In February 2003, the trial court sentenced Falodun to 175 months' imprisonment. That sentence was based in part on a four-level enhancement under U.S.S.G. § 3B1.1(a) for being a leader or organizer of a criminal activity involving five or more participants. On direct appeal, the United States Court of Appeals for the Eighth Circuit affirmed Falodun's conviction and sentence, and denied his petition for rehearing en banc in January 2004. Falodun did not petition the United States Supreme Court for a writ of certiorari.

In September 2004, Falodun moved the trial court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, he argued that, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), the four-level enhancement under § 3B1.1(a), as well as other sentencing enhancements he had received, violated the Sixth Amendment because they had been found by the court rather than by a jury. The trial court denied the motion, concluding that Blakely did not apply retroactively to cases on collateral review; however, because the Eighth Circuit had yet to rule on that issue, the trial court granted a certificate of appealability. In May 2005, the Eighth Circuit

2

summarily affirmed the denial of Falodun's § 2255 motion.

In February 2009, Falodun filed a "Motion for Reduction of Term of Imprisonment" with the trial court. In that motion, Falodun argued that there was insufficient evidence to support the four-level enhancement under § 3B1.1(a). In May 2009, the trial court denied the motion. In doing so, the court concluded that none of the narrow circumstances warranting a sentence reduction under 18 U.S.C. § 3582(c) were applicable, and that, were one to construe Falodun's request as seeking relief under § 2255, it would constitute an unauthorized second or successive § 2255 motion. In December 2009, the Eighth Circuit affirmed the trial court's judgment.

In February 2010, Falodun, then incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania, filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania (hereinafter "the District Court"). In his petition and subsequent reply to the Government's response, Falodun again challenged the imposition of the four-level enhancement under § 3B1.1(a), arguing that he was "actually innocent" of that enhancement because it had not been found by a jury. On May 16, 2011, the District Court dismissed the petition for lack of jurisdiction, concluding that Falodun could not challenge his sentence under § 2241 because he had not established that § 2255 was an inadequate or ineffective remedy. This appeal followed.

**II.**

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions, and we review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the validity of his sentence via a § 2241 petition only if § 2255 is an "inadequate or ineffective" remedy. See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. The mere fact that a federal prisoner's § 2255 motion was unsuccessful or that he cannot satisfy the gatekeeping requirements for filing a second of successive § 2255 motion does not make § 2255 inadequate or ineffective. Id. at 539. Indeed, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

In this case, we agree with the District Court that Falodun failed to show that § 2255 is an inadequate or ineffective means of contesting his sentence. His instant challenge to the four-level enhancement under § 3B1.1(a) is clearly cognizable under

4

§ 2255, and he did in fact raise this claim in his § 2255 motion. That this motion was denied, and that he may be unable to raise the instant claim in a second or successive § 2255 motion, does not render § 2255 inadequate or ineffective.

In light of the above, we conclude that the District Court did not err in dismissing Falodun's § 2241 petition. Because this appeal does not present a substantial question, we will summarily affirm the District Court's May 16, 2011 order.[1] See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[1] We note that Falodun's notice of appeal raises several new allegations, which appear to challenge his conviction and the current conditions of his confinement. These allegations are outside the scope of our review in this appeal. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal."). To the extent Falodun wishes to pursue these challenges to his conviction, he should seek leave from the Eighth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. §§ 2255(h) & 2244(b)(3). As for the challenges to the conditions of his confinement, he should file a complaint in the appropriate district court. We express no opinion on his ability to prevail on any of these allegations.