DLD-058 and DLD-059                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3480 and 14-3888
_____

IN RE:  JAMES C. PLATTS,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:10-cr-00176-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2014
Before: FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 19, 2014)

_____

OPINION[*]
_____

PER CURIAM

 <u>Pro</u> <u>se</u> petitioner James Platts has filed petitions for writs of mandamus seeking the

issuance of a subpoena to compel the release of documents he classifies as "suppressed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brady materials, withheld evidence and case files," and the "correction" of his judgment of conviction. We will deny the petitions.

In October 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering, and conspiracy. The District Court sentenced him to 46 months of imprisonment and imposed, inter alia, an order of restitution in the amount of $80,145.95. Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis. See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013). Since then, Platts has filed a steady stream of post-conviction motions in the District Court and mandamus petitions in this Court. As in numerous past filings, Platts contends that there was "no recorded conviction or guilty plea." He asks that this Court assist him with obtaining discovery materials to prove this fact, and, ultimately, to amend his judgment of conviction.

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted).

With respect to his request for a subpoena, Platts notes that he has filed several motions in the District Court seeking to obtain discovery materials. Platts asserts that the

last such motion was filed in December 2013, but has not yet been considered by the District Court. From a review of the District Court docket, however, it appears that an order disposing of the motion was entered on September 10, 2014. Accordingly, to the extent Platts' mandamus petition was filed as an attempt to compel the District Court to dispose of his motion, his petition is moot. Moreover, to the extent that Platts seeks to challenge that determination, he must do so in a proper appeal and not by seeking a subpoena issued to individuals involved in his underlying criminal case.

Platts' attempt to have this Court amend his judgment of conviction fares no better. We have admonished Platts on several occasions that he may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). We have also explained that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a federal conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The District Court recently dismissed Platts' § 2255 motion and he has filed an appeal. See C.A. No. 14-4128. That appeal is the proper vehicle for challenging the District Court's disposition of his § 2255 motion, and the many other motions disposed of by the District Court in that proceeding.

Accordingly, Platts is not entitled to mandamus relief, and we will deny these petitions.

3