ALD-161                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3541
_____

JAMAR LONG,
                              Appellant

v.

WARDEN FCI FAIRTON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-14-cv-03822)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: April 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jamar Long, a federal inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm.

I.

In 2012, Long pleaded guilty in the United States District Court for the District of Maryland to drug and firearm offenses that stemmed from a search of his residence. He did not appeal or seek relief under 28 U.S.C. § 2255. Long later came to regret his guilty plea, believing that the evidence obtained from his residence was wrongfully procured. Specifically, Long argues that Detective Margulis obtained the warrant in part based on a false claim that Long sold him drugs. Long claims that video evidence refutes Margulis's assertion of a drug deal between them. Accordingly, Long believes the evidence obtained from his residence should have been suppressed, and that this entitles him to relief under § 2241. Long states that he did not seek relief under § 2255 because such a motion would have been untimely.

Long is currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, and thus he properly filed the foregoing petition in the District of New Jersey. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). The District Court dismissed Long's petition sua sponte, finding that he could not satisfy the stringent standard for seeking relief under § 2241. Long then sought reconsideration, which the District Court denied. Long timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Ordinarily, federal prisoners seeking post-conviction relief must proceed via § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, a party can seek relief via a writ of habeas corpus pursuant to § 2241 if he can demonstrate that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See § 2255(e); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.

This Court has applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). We have also suggested that other extraordinary circumstances may justify applying the safety valve. See Cradle, 290 F.3d at 539. Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot

3

satisfy § 2255's timeliness or other gatekeeping requirements. See In re Dorsainvil, 119 F.3d at 251.

Under this rubric, the District Court properly dismissed Long's § 2241 petition. Long does not argue that an intervening change in law made the conduct underlying his conviction non-criminal, nor can he make such an argument. As such, he does not fit within the "narrow exception of In re Dorsainvil." Okereke, 307 F.3d at 120. Nor has he presented any other extraordinary circumstances to justify applying the safety valve. See Cradle, 290 F.3d at 539. Long's only argument is that because the search warrant was flawed, the evidence obtained from the search of his residence should have been suppressed. But even assuming that is correct, he does not argue that he is actually innocent of the gun and drug convictions, only that the key evidence for those convictions was allegedly inadmissible. Cf. Sweger v. Chesney, 294 F.3d 506, 522-23 (3d Cir. 2002) ("Actual innocence means 'factual innocence, not mere legal insufficiency.'" (quoting Bousley v. United States, 523 U.S. 614, 623 (1998))). More fatally, he identifies no reason why he did not raise this argument in a timely appeal or § 2255 motion. He states that he viewed the video evidence with his attorney, yet nothing suggests that he sought to suppress the fruits of the allegedly unlawful search at the appropriate time, or at any time until he filed the foregoing petition. Accordingly, the District Court correctly dismissed Long's § 2241 petition because he failed to show that § 2255 was inadequate or ineffective.

## III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.