**ALD-250**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1034
_____

VERNON SNYPE,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01471)
District Judge:  Honorable William J. Nealon, Junior
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellant Vernon Snype is a federal inmate confined at FCI-Allenwood in White Deer, Pennsylvania. He appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his habeas petition under 28 U.S.C. § 2241. For the reasons that follow, we will affirm the judgment of the District Court.

In 2004, after a federal jury trial in the Southern District of New York, Snype was convicted of one count of conspiracy to commit bank robbery (18 U.S.C. §§ 371, 2113). The sentencing court imposed a mandatory life sentence under the Violent Crime Control and Law Enforcement Act of 1994, commonly known as the "three strikes law" (18 U.S.C. § 3559(c)). The Court of Appeals for the Second Circuit affirmed the conviction and sentence. In its affirmance, the Second Circuit reviewed the application of § 3559(c), which was based on Snype's three prior robbery convictions in New York State. See United States v. Snype, 441 F.3d 119, 144-45 (2d Cir. 2006). In 2007, Snype filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Among other things, Snype claimed that counsel was ineffective in failing to contest the applicability of § 3559(c) as to his prior convictions. In 2009, the sentencing court denied the § 2255 motion on the merits, noting that counsel did raise the sentencing issue on direct appeal.

Several years later, in February 2014, Snype filed a § 2241 habeas petition in the District Court, claiming that his sentence was improperly enhanced based on prior state convictions. In April 2014, the District Court dismissed the § 2241 petition for lack of jurisdiction, noting that the dismissal was without prejudice to Snype requesting leave

2

from the Second Circuit to file a second or successive § 2255 motion. Ultimately, the Second Circuit denied Snype's request because none of the claims he raised met the § 2255(h) standard for authorizing the filing of a second or successive § 2255 motion.

Snype then returned to the District Court and filed another § 2241 habeas petition, again challenging the application of the sentence enhancement on the basis of his prior state convictions. Specifically, Snype noted that his state court prior convictions occurred more than twenty years before his federal offense, and that they are no longer considered to be prior convictions for purposes of New York state law. Thus, he argued that his federal sentence was erroneously enhanced on the basis of those prior convictions. The District Court dismissed Snype's habeas petition for lack of jurisdiction, explaining that Snype's inability to meet § 2255's gatekeeping requirements for filing a second or successive motion did not allow him to evade those requirements by pursuing relief under § 2241.

Snype appeals. Upon notification that this appeal would be submitted for possible dismissal or summary action, Snype submitted a response in support of his appeal. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United

States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek habeas relief under § 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). As explained by the District Court, a § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

In his submission to this Court, Snype maintains that, under a procedural default analysis, his circumstances allow him to proceed with his habeas petition. He argues that he meets the "cause and prejudice" standard for excusing procedural default in light of counsel's deficient performance at sentencing, that he is actually innocent of the enhanced sentencing provision of § 3559(c), and that failure to address his claim would result in a miscarriage of justice. Despite Snype's assertions to the contrary, these arguments have no bearing on the issue of whether § 2255 is an inadequate or ineffective remedy for addressing Snype's sentencing claim, and whether the District Court correctly dismissed Snype's § 2241 habeas petition for lack of jurisdiction. In order to pursue his

4

sentencing claim via § 2241, Snype must show that the inadequacy of § 2255 relief involves a limitation of scope or procedure preventing a full adjudication of the wrongful detention claims. See, e.g., Cradle, 290 F.3d at 538. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative." Id. Snype's dissatisfaction with counsel's performance at sentencing does not render the § 2255 remedy inadequate or ineffective for purposes of pursuing § 2241 relief.

For the above reasons, the District Court's dismissal of Snype's § 2241 habeas petition for lack of jurisdiction was appropriate. We have considered Snype's arguments and the record and find that no substantial question is presented. Accordingly, we will affirm the judgment of the District Court. See Third Circuit LAR 27.4; I.O.P. 10.6.