

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Burrell v. Lindsay

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1252

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

### Recommended Citation

"Burrell v. Lindsay" (2007). *2007 Decisions*. Paper 731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-273                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1252
_____

STEPHEN BURRELL,
Appellant

v.

CAMERON LINDSAY

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-00904)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2007

Before: MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   July 18, 2007  )

_____
OPINION
_____

PER CURIAM

Stephen Burrell, a federal prisoner, appeals from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his petition for a writ of

habeas corpus under 28 U.S.C. § 2241 and an order denying his motion for

reconsideration.  Because this appeal does not raise a substantial question, we will grant Appellee's motion for a summary affirmance of the District Court's orders.

In 2000, Burrell was convicted in the United States District Court of Nevada of possession of a firearm by a convicted felon.  Burrell was sentenced to 120 months in prison.  The United States Court of Appeals for the Ninth Circuit affirmed the conviction and sentence, and the United States Supreme Court denied certiorari.  In 2002, Burrell filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The District Court denied the motion, and the Ninth Circuit Court of Appeals denied Burrell's request for a certificate of appealability.

In 2006, Burrell filed in the United States District Court for the Middle District of Pennsylvania a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Burrell claimed that the sentencing court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, and that his sentence was improperly based on an offense that he was acquitted of.  Burrell acknowledged that he did not satisfy § 2255's gatekeeping requirements for filing a second or successive motion to vacate his sentence, but he argued that a § 2241 habeas petition was his only available remedy.

The District Court did not err in dismissing Burrell's § 2241 petition.  Motions under § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences on constitutional grounds.  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Although a petitioner may challenge a conviction pursuant to

§ 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective merely because the sentencing court denied relief, or because the petitioner is unable to meet the gatekeeping requirements of § 2255. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Id. at 538.

Burrell has not made such a showing. We held in Okereke that § 2255 was not inadequate or ineffective to raise an Apprendi argument. 307 F.3d at 120-21. Burrell may not evade § 2255's gatekeeping requirements for filing a second or successive motion to vacate his sentence by seeking relief under § 2241. The District Court also did not abuse its discretion in denying Burrell's motion for reconsideration.

Accordingly, we will grant Appellee's motion for a summary affirmance of the District Court's orders.