

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2007

# Woodruff v. Lappin

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Woodruff v. Lappin" (2007). *2007 Decisions*. Paper 694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-128                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1743
_____

KEVIN PAUL WOODRUFF,
Appellant

vs.

HARLEY G. LAPPIN,
Director of BOP

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00167)
District Judge:  Honorable A. Richard Caputo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 13, 2007
Before:  SCIRICA, CHIEF JUDGE, WEIS and GARTH, CIRCUIT JUDGES

Filed  July 26, 2007
_____

OPINION
_____

PER CURIAM.

Kevin Paul Woodruff appeals pro se from an order of the United States

District Court for the Middle District of Pennsylvania ("the District Court") dismissing

1

his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

In his habeas petition, Woodruff stated that the matter concerned his 1998 conviction in the United States District Court for the Northern District of California, ("Northern District of California") criminal docket number CR-93-00438-VRW, for which he was sentenced to 235 months of imprisonment. The Court of Appeals for the Ninth Circuit affirmed the conviction and sentence on September 29, 1999. United States v. Woodruff, 198 F.3d 256 (9th Cir. 1999) (TABLE). Woodruff then unsuccessfully pursued a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, raising a jurisdictional claim and other claims. The sentencing court denied relief in July 2003. Woodruff then filed his section 2241 habeas petition.[1]

In his habeas petition, Woodruff argued that the Northern District of California was without proper jurisdiction over his criminal case because the state of California has not ceded criminal legislative jurisdiction to the United States. Woodruff thus argued that he is actually and legally innocent of the federal crimes underlying his conviction. By order entered February 9, 2007, the District Court dismissed Woodruff's section 2241 habeas petition. The District Court concluded that Woodruff had failed to

---

[1] Woodruff originally filed his section 2241 habeas petition in the United States District Court for the District of Columbia. When he filed his petition in December 2006, Woodruff was an inmate of the United States Prison at Lewisburg, Pennsylvania. Because the proper respondent in a habeas action is the prison warden holding the petitioner in custody, see Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004), the matter was transferred to the District Court for the district of Woodruff's incarceration.

demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention such that he should be allowed to proceed under section 2241, noting that Woodruff had already raised a jurisdictional challenge in the section 2255 motion filed in the Northern District of California. The District Court denied Woodruff's motion for reconsideration. Woodruff appeals.

A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). We agree with the District Court's determination that Woodruff's situation does not render section 2255 inadequate or ineffective. That he has already unsuccessfully pursued a section 2255 motion does not show the inadequacy of that remedy.

We add that Woodruff's claim of innocence is one of legal innocence, not factual innocence; nowhere on the record before us did he assert that he did not commit

3

the offenses underlying his conviction. Also, we note that Woodruff contended in his motion for reconsideration that the District Court's analysis was incorrect because by challenging the "unconstitutional statutory procedure use[d] in carrying out the jurisdictional process," Woodruff was not actually challenging the validity of his conviction or sentence. To the extent that Woodruff relies on this basis and on his theory of legal innocence to argue that he should be allowed to proceed under section 2241, we are unpersuaded and conclude that the District Court correctly dismissed Woodruff's section 2241 habeas petition.

Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.