BLD-241                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2119
_____

ROOSEVELT SANDERS,
                                        Appellant

v.

WARDEN STEVEN WESLEY; FEDERAL BUREAU OF PRISONS

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:10-cv-00046)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: August 2, 2010)

_____

OPINION
_____

PER CURIAM

        Roosevelt Sanders, proceeding pro se, appeals from the order of the United States

District Court for the District of Delaware dismissing his petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241. Because the appeal does not present a substantial question, we will summarily affirm.

I.

Because we write for the parties, we limit our discussion of the background of this case to what is necessary to resolve this appeal. In December 1999, Sanders pleaded guilty in the United States District Court for the District of South Carolina to possession with intent to distribute and distribution of a controlled substance. The court subsequently sentenced him to 135 months' imprisonment. Sanders appealed from that judgment, but later withdrew the appeal. In March 2002, he moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion on the merits, and the Court of Appeals for the Fourth Circuit affirmed that judgment on appeal.

In January 2010, Sanders, whom the Bureau of Prisons had transferred to a Community Corrections Center in Delaware to finish the remainder of his sentence, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Delaware. The petition challenged his 1999 conviction, arguing that the Government had "improperly disregarded the process agreement under the Interstate Agreement on Detainers Act" ("IADA").[1] On April 8, 2010, the District

---

[1]The IADA is an interstate compact – one that the Federal Government has joined – that "creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." Alabama v. Bozeman, 533 U.S. 146, 148 (2001). The IADA

2

Court dismissed the petition for lack of jurisdiction. The court concluded that Sanders could raise his claim only via a second or successive § 2255 motion, and that he had not obtained permission to file such a motion. Sanders now seeks review of the April 8, 2010 order.[2]

## II.

A motion filed pursuant to § 2255 is the presumptive means by which a federal prisoner may challenge his conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Relief under § 2241 is available only if § 2255 is "inadequate or ineffective" to challenge the legality of the prisoner's detention. See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. A § 2255 motion is not inadequate or ineffective merely because the prisoner cannot meet the requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539.

---

> provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term. In particular, Article IV(c) specifies that the receiving State shall begin the prisoner's "trial . . . within one hundred and twenty days of the arrival of the prisoner in the receiving State." At the same time, Article IV(e) prohibits return of the individual to the sending State before that trial is complete.

Id. (quoting the IADA).

[2]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Sanders's § 2241 petition. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

3

In this case, Sanders's IADA claim is cognizable under § 2255, see United States v. Williams, 615 F.2d 585, 590 (3d Cir. 1980), and he has not demonstrated that § 2255 is inadequate or ineffective in this instance. Indeed, he raised a similar IADA-related claim in the § 2255 motion he filed in the District of South Carolina in 2002, and nothing has changed since that time so as to render § 2255 inadequate or ineffective. Accordingly, the District Court correctly concluded that Sanders could not assert his instant claim via a § 2241 petition. Furthermore, the court correctly refused to construe his petition as a second or successive § 2255 motion, for he had not obtained permission to file such a motion.[3] See 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

Because this appeal does not present a substantial question,[4] we will summarily affirm the District Court's April 8, 2010 order dismissing Sanders's § 2241 petition. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Sanders's motion for appointment of counsel is denied as moot.

---

[3]Because Sanders was sentenced in the District of South Carolina, he would need to seek permission to file a second or successive § 2255 motion from our sister court in the Fourth Circuit.

[4]We have considered the arguments raised in Sanders's filings and conclude that they lack merit.