CLD-268                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2922
_____

ALFREDO DIGNO MEZA,
                                                       Appellant

v.

DONNA ZICKEFOOSE, Warden, F.C.I. Fort Dix
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 1-10-cv-04667)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible  Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 18,2011
Before: RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed : August 31, 2011)
_____

OPINION
_____

PER CURIAM

        Alfredo Meza, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the District of New Jersey dismissing his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will affirm

the judgment of the District Court.

In 2000, Meza was found guilty after a jury trial in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a),(j), and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a).[1] He was sentenced to 360 months in prison. The United States Court of Appeals for the Eleventh Circuit affirmed the judgment of the District Court.

In 2003, Meza filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida challenging his conviction and sentence. The District Court denied the motion on the merits. The Eleventh Circuit Court of Appeals denied Meza's request for a certificate of appealability and the United States Supreme Court denied Meza's petition for a writ of certiorari. Meza also unsuccessfully filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582.

In 2010, Meza filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey challenging the jurisdiction of the United States District Court for the Southern District of Florida to entertain the charges against him and claiming violations of the Vienna Convention on Consular Relations and his due process rights. The District Court granted the Government's motion to dismiss the habeas petition for lack of jurisdiction, explaining that Meza's claims were cognizable pursuant to § 2255. The District Court further found

---

[1] 46 App. U.S.C. §§ 1902-1904, addressing Maritime Drug Law Enforcement, was recodified at 46 U.S.C. §§ 70501-70507 in 2006.

2

that a transfer of the petition was not in the interest of justice. This appeal followed.

As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Meza has not made such a showing. Meza contends that he may bring his claims pursuant to § 2241 because he challenges the jurisdiction of the trial court. His jurisdictional claim, however, challenges the validity of his conviction and must be brought pursuant to § 2255. Meza also asserted in the District Court that his petition was properly brought pursuant to § 2241 because he is actually innocent of his offense. To the extent Meza relied on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which we allowed a petitioner to raise in a § 2241 petition a claim under Bailey v. United States, 516 U.S. 137 (1995), the petitioner in that case had no earlier opportunity to challenge his conviction for a crime that Bailey may have negated. This case is not similar to Dorsainvil. Meza does not contend that he is actually innocent based on a change in law.

The District Court did not err in dismissing and declining to transfer Meza's

3

habeas petition.  Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.