**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1386
_____

PAUL N. JOHNSON,
                                        Appellant

v.

WILLIAM A. SCISM, Warden of L.S.C.I.-Allenwood
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-02353)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2012
Before:  SCIRICA, GREENAWAY, JR., and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 14, 2012 )
_____

OPINION
_____

PER CURIAM

        Paul Johnson appeals the District Court's order dismissing his petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons below, we will affirm the District Court's

order.

1

In 1996, Paul Johnson pleaded guilty to conspiracy to distribute cocaine, cocaine base, and marijuana. In his plea agreement, he admitted that the equivalent amount of cocaine for which he was responsible was between 500 and 2,000 grams. Johnson was sentenced as a career offender to 275 months in prison. We affirmed his conviction and sentence on appeal. In 1998, Johnson filed an unsuccessful motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In November 2010, Johnson filed a petition pursuant to 28 U.S.C. §2241. After the District Court dismissed the petition for lack of jurisdiction, Johnson filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). In his § 2241 petition, Johnson argued that he was actually innocent of being a career offender. He contended that under Begay v. United States, 553 U.S. 137 (2008), his state court conviction for terroristic threats did not qualify as a predicate offense. He also asserted that his sentence should have expired due to a reinterpretation of 21 U.S.C. § 846 because the identity of the drug involved in his federal offense was not found by the grand jury to be an element of the offense.

Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Cradle, 290 F.3d at 538. We have explained that

[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Id. at 538-39 (citations omitted). Johnson has not shown that a § 2255 motion would be inadequate or ineffective. He argues that our decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), allows him to proceed via § 2241 because he did not have an earlier opportunity to raise this claim. In Dorsainvil, we held that a defendant may proceed via § 2241 when a subsequent statutory interpretation renders the defendant's conduct no longer criminal. Id. at 251. Here, Johnson is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002) (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

For the above reasons, we will affirm the District Court's judgment.

3