ALD-305                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1515
_____

ALBERTO RAPOSO,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00303)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 24, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit  Judges

(Opinion filed:  September 5, 2014 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant Alberto Raposo, a federal prisoner currently confined at FCI-

Allenwood, appeals from an order of the United States District Court for the Middle

District of Pennsylvania dismissing his petition for habeas corpus under 28 U.S.C.

§ 2241.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we

exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1999, Raposo was found guilty in the Southern District of New York of arson resulting in the death of a firefighter in violation of 18 U.S.C. § 844(i), and he was sentenced to 524 months' imprisonment. United States v. Raposo, 205 F.3d 1326 (2d Cir. 2000) (not precedential opinion). He appealed to the Second Circuit, which affirmed. Id. Raposo next filed a motion under 28 U.S.C. § 2255 in the Southern District of New York. The District Court denied that motion on the merits, Raposo v. United States, Cr. A. No. 98-cr-0185, 2004 WL 1043075 (S.D.N.Y. May 7, 2004), and the Second Circuit refused to issue a certificate of appealability, C.A. No. 05-1362.

After other filings not relevant here, Raposo filed the petition under § 2241 that is at issue in this appeal. In this petition, Raposo, relying on Alleyne v. United States, 133 S. Ct. 2151 (2013), and United States v. Booker, 543 U.S. 220 (2005), claimed that his Fifth and Sixth Amendment rights had been violated because he was sentenced based on facts that had not been submitted to a jury and found beyond a reasonable doubt.[1] The District Court dismissed Raposo's petition for lack of jurisdiction, concluding that

---

[1] Although Raposo has broken this claim into two parts, each part advances the same essential argument.

Raposo's claim could be raised only, if at all, in a § 2255 motion. Raposo then filed a timely notice of appeal.

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have recognized, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)).

While a federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention, this occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his . . claims." Cradle, 290 F.3d at 538. This exception is extremely narrow and applies in only rare circumstances, see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), and is not available merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion, see Okereke, 307 F.3d at 120-21.

Raposo cannot avail himself of the exception in this case. As noted above, he relies on the Supreme Court's decisions in Alleyne and Booker to support his petition. However, this argument is foreclosed by our precedent: we have already held that § 2255 is not inadequate or ineffective for a prisoner to raise this type of challenge to a sentence.

3

See Okereke, 307 F.3d at 121. Moreover, we reject Raposo's argument that refusing him relief under § 2241 amounts to an unconstitutional suspension of the writ. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (AEDPA's restrictions on successive petitions "do not amount to a 'suspension' of the writ"). Thus, the District Court did not err in dismissing Raposo's § 2241 petition.

Accordingly, we will summarily affirm the District Court's judgment.