**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1288
_____

JORGE FLORES,
                                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-02165)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
July 9, 2015

Before:  FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jorge Flores, a federal prisoner currently incarcerated at Allenwood FCI Medium, appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]  For the following reasons, we will affirm.

Flores previously moved to vacate his conviction pursuant to 28 U.S.C. § 2255 in proceedings before the United States District Court for the Northern District of Georgia. Consequently, as the District Court here recognized, Flores could not file a second or subsequent § 2255 motion that was not based on newly discovery evidence or a new rule of constitutional law.  See 28 U.S.C. § 2255(h).  And Flores did not seek the requisite certification to file a second or subsequent § 2255 motion—indeed, Flores' current petition concedes that "2255(h) cannot be met."

Instead, Flores filed the petition at issue under 28 U.S.C. § 2241, arguing that 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction because "the government refuses to hear my case, and make reference[] with citation[] or discussion[.]"  The District Court then dismissed that § 2241 petition for lack of jurisdiction on the ground that Flores failed to demonstrate that 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e). This appeal followed.

_____

[1] At the time Flores filed his petition (and this appeal), he was incarcerated at USP-Lewisburg which, like Allenwood FCI Medium, is within the Middle District of Pennsylvania.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

Here, the essential question is whether Flores may use a petition for habeas corpus under 28 U.S.C. § 2241 to circumvent the prohibition on second or subsequent 28 U.S.C. § 2255 motions. A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under 28 U.S.C. § 2241 in the district of confinement, but only if § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). However, we have applied that "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions that an intervening change in law has made non-criminal. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court has denied relief, see Cradle, 290 F.3d at 539.

Flores argues in his petition that he is actually innocent, that his trial counsel was ineffective—among other things, for failure to interview alibi witnesses and for failure to inform Flores of a plea offer—and that the prosecutor denied Flores potentially exculpatory discovery materials. Flores, however, never explains why those arguments could not have been raised on direct appeal or in a previous § 2255 motion. Indeed, Flores' current petition discloses that those arguments were, in fact, raised before—and a review of the docket for Case No. 1:05-CR-00324 in the United States District Court for the Northern District of Georgia confirms that they were. Under these circumstances, Flores has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention.

For the foregoing reasons, we conclude that this appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We will summarily affirm the District Court's judgment. Flores' motion for the appointment of counsel is denied.