BLD-344                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1478
_____

IBN ABDUCHAKEEM,
                                        Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-16-cv-00330)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: July 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Ibn Abduchakeem, a federal prisoner proceeding pro se, appeals from an order of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the United States District Court for the District of New Jersey dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will summarily affirm.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## I.

In 2009, Abduchakeem pleaded guilty in federal court in the Eastern District of Pennsylvania to carjacking, conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, and carrying and using a firearm during a crime of violence.  In 2010, he received concurrent 97-month sentences on the first three charges, followed by a consecutive 84-month sentence on the firearm charge. Abduchakeem did not file a direct appeal or seek relief under 28 U.S.C. § 2255.[1]

In January 2016, Abduchakeem filed this habeas petition pursuant to § 2241 in the United States District Court for the District of New Jersey, raising claims that challenged his federal sentence and seeking to have his 84-month term run concurrently with his 97-month term.  He contended that the District Judge who sentenced him did not properly consider his chronic mental-health problems.  He also asserted that his defense attorney was ineffective for failing to challenge the government's claim that he was malingering; he alleged that the record showed that he was severely schizophrenic.  The District Court

---

[1] In June 2016, Abduchakeem filed a § 2255 motion based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).  (E.D. Pa. Crim. No. 2:07-cr-00469-002, Docket #98.)   That motion, which was filed after Abduchakeem filed his notice of appeal in this matter, challenges the constitutionality of his firearm conviction and is unrelated to the issues raised in his § 2241 petition.

dismissed the petition for lack of jurisdiction, concluding that Abduchakeem's claims could be raised only, if at all, in a § 2255 motion. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court that Abduchakeem's § 2241 petition was not viable. He challenged the validity of his sentence, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction or sentence pursuant to § 2241 if a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception applies only in rare circumstances.

In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted, but Abduchakeem cannot avail himself of

3

this exception.  Here, the conduct underlying his conviction is still a crime.[2]  Nor does Abduchakeem cite anything else that might be considered an extraordinary circumstance justifying the use of § 2241.  See Cradle, 290 F.3d at 539.  Instead, his claims regard issues about his mental health and counsel's performance that could have been raised under § 2255.[3]  As we have made clear, a petitioner may not use § 2241 to evade the stringent gatekeeping requirements of § 2255.  See Cradle, 290 F.3d at 539.

### III.

Accordingly, we will affirm the District Court's order.

---

[2] As noted above, Abduchakeem has recently filed a § 2255 motion challenging the constitutionality of his firearm conviction.  We express no opinion about the merit of this claim.

[3] In opposing summary action, Abduchakeem relies on Thomas v. Horn, 570 F.3d 105 (3d Cir. 2009), which discussed counsel's failure to investigate his client's mental-health history.  But that case does not assist Abduchakeem, who could have raised concerns about his mental-health history and counsel's performance in a properly filed § 2255 motion.