DLD-268                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1351
_____

RAYMOND AIGBEKAEN,
                                        Appellant

v.

FEDERAL BUREAU OF PRISONS;
WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:19-cv-19844)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2020
Before:  RESTREPO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed: September 3, 2020)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Raymond Aigbekaen appeals the District Court's order dismissing

his petition filed pursuant to 28 U.S.C. § 2241.  For the reasons detailed below, we will

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2017, a jury in the United States District Court for the District of Maryland found Aigbekaen guilty of sex trafficking of a minor and conspiracy to commit sex trafficking of a minor, 18 U.S.C. §§ 1591(a) and 1591(c), among other offenses.  He was sentenced to 180 months of imprisonment.  The United States Court of Appeals for the Fourth Circuit affirmed.  United States v. Aigbekaen, 943 F.3d 713 (4th Cir. 2019).

While confined at FCI Fort Dix, Aigbekaen filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey.  He relied on the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014), to challenge his § 1591 convictions.[1]  In Rosemond, the Supreme Court held that a defendant can be convicted of aiding and abetting an offense under 18 U.S.C. § 924(c) only if the Government proves that he "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."  Id. at 67.  The District Court dismissed the petition for lack of jurisdiction, holding that Aigbekaen failed to demonstrate that he had no earlier opportunity to raise his Rosemond claim.  Aigbekaen appealed.

---

[1] Aigbekaen also vaguely suggested that § 1591(c) was void for vagueness under Sessions v. Dimaya, 138 S. Ct. 1204 (2018).  In that case, the Supreme Court held that the residual clause of 18 U.S.C. § 16(b), which defines "crime of violence," is unconstitutionally vague.  Id. at 1223.  Aigbekaen's reliance on Dimaya is misplaced, however, because § 1591(c) does not contain a residual clause.

2

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Generally, a motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017) (discussing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

The District Court properly dismissed Aigbekaen's § 2241 petition. Rosemond was issued before Aigbekaen's indictment and conviction. Therefore, because he could have raised a challenge under Rosemond at trial or on direct appeal, and may yet do so in a motion under § 2255, the "safety valve" does not apply. See Cradle, 290 F.3d at 538.

For the foregoing reasons, we will summarily affirm the District Court's judgment.[2]

---

[2] Aigbekaen's motion for judicial notice, in which he asks for "immediate release based on conditions of confinement, actual innocence, and factual innocence," is denied. His request to remand the case to the District Court with an order to approve home confinement is also denied.