NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2985
_____

UNITED STATES OF AMERICA

v.

THOMAS TRAUMANN,
Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No. 2-18-cr-00564-001)
District Judge: Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2024
_____

Before: CHAGARES, *Chief Judge*, ROTH and RENDELL, *Circuit Judges*.

(Filed: October 1, 2024)

_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Defendant-Appellant Thomas Traumann appeals the District Court's denial of his second motion for compassionate release. Two years had passed since his previous motion for compassionate release, and he alleged a change in health condition as an extraordinary and compelling circumstance. However, the District Court summarily denied the motion and did not acknowledge his new medical evidence or explain why it did not present extraordinary and compelling circumstances. Nor did it conduct the required Section 3553(a) factor analysis. Because, absent this reasoning, the District Court's order is essentially unreviewable, we will vacate the District Court's order and remand to allow the Court to explain the ground(s) for its denial of the motion.

I

Traumann sent lewd text messages to an undercover federal agent posing as a 14-year-old girl. Later, he traveled from Delaware to Pennsylvania to meet up with the "girl" for a sexual encounter, where he was arrested.

Traumann pled guilty to one count of interstate travel with the intent to engage in illicit sexual conduct with a minor. 18 U.S.C. § 2423(b). He was then sentenced to 99-months' imprisonment and 10 years of supervised release. He requested additional time to surrender so he could be fully vaccinated against COVID-19, which the Court allowed. He surrendered to the Bureau of Prisons on May 25, 2021, and is currently serving his sentence at Federal Correctional Institution Fort Dix.

Traumann filed his first request for compassionate release in July 2021, citing his poor health (diabetes, high blood pressure, and high cholesterol) and related COVID-19

2

risk. The District Court denied his motion, finding that he was not facing a substantial risk of severe diseases because he was fully vaccinated against COVID and that the sentencing factors counseled against his release. The District Court specifically noted in its Section 3553(a) analysis that "Mr. Traumann has served a mere five months of that sentence. Releasing him now would not 'promote respect for the law' or 'provide just punishment for the offense.'" *United States v. Traumann*, No. 18-cr-564, 2021 WL 5114084, at *3 (E.D. Pa. Nov. 3, 2021).

Traumann filed a second motion for compassionate release on August 25, 2023, which is the issue of this appeal.[1] In it he alleged that "his health conditions, especially his diabetes, are not stable" and he is thus at a high risk of complication due to COVID-19. Second Motion for Compassionate Release at 1, *Traumann v. United States*, No. 18-cr-564 (E.D. Pa. Aug. 25, 2023), Doc. No. 109. He also referenced lower back pain associated with a ruptured disc.

The District Court summarily denied his motion. In a footnote, the Court noted:

The Court denies the motion because this is Mr. Traumann's second motion for compassionate release/reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Mr. Traumann has presented no new or changed

---

[1] Traumann's opening and supplemental briefs also refer to the "Omnibus Motion" he filed in April 2022, urging that his guilty plea was not knowing and voluntary, that there was an inadequate factual basis for the plea, that he received ineffective assistance of counsel, that the charge of conviction was inappropriately based on a statute that was later amended, and that prosecutorial misconduct infected his conviction. The District Court treated this filing as a motion under 28 U.S.C. § 2255. It rejected his arguments, reasoning that Traumann knowingly and voluntarily waived his right to appeal and that regardless, his claims were frivolous. This court has already affirmed that judgment on appeal and denied Traumann a certificate of appealability. *United States v. Traumann*, No. 23-1770, 2023 WL 7211395, at *1 (3d Cir. July 25, 2023).

circumstances as presented in his previous motion filed on June 21, 2021
(Doc. Nos. 63 and 68).

Denial Second Motion for Compassionate Release at 1 n.1, *Traumann v. United States*,

No. 18-cr-564 (E.D. Pa. Oct. 20, 2023), Doc. No. 117. The order provided no other

analysis. Traumann timely appealed.

II[2]

We review the denial of a motion for compassionate release for abuse of

discretion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will

not disturb the District Court's decision 'unless there is a definite and firm conviction that

[it] committed a clear error of judgment in the conclusion it reached upon a weighing of

the relevant factors[.]'" *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir.

2000)).

A district court may grant compassionate release if it finds that (1) "extraordinary

and compelling reasons" warrant a reduction, (2) the applicable 18 U.S.C. § 3553(a)

factors do not counsel against a reduction, and (3) a reduction would be "consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(1)(A); *see Pawlowski*, 967 F.3d at 329 & n.6.

Here, the District Court's order does not provide enough elaboration or clarity to

allow us to determine whether it abused its discretion. The order undertakes no analysis

of Traumann's asserted "extraordinary and compelling reasons." 18 U.S.C.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under
28 U.S.C. § 1291.

4

§ 3582(c)(1)(A). Traumann asserted that his diabetes had gotten worse and referenced a new back issue that was not present in his initial motion. In support, he filed 166 pages of medical records on the same day that his motion was denied. While it is unclear whether the Court considered his medical records when it denied the motion, it did so on the grounds that he had presented "no new or changed circumstances." Denial Second Motion for Compassionate Release at 1 n.1, *Traumann*, No. 18-cr-564 (E.D. Pa. Oct. 20, 2023), Doc. No. 117. Moreover, the District Court did not perform the required balancing of the Section 3553(a) factors. Its key reason in its denial of his first motion for compassionate release was that Traumann had only served five months of his sentence. *Traumann*, 2021 WL 5114084, at *3. By the time it denied his second motion, however, he had served two years more.

The Government does not address the lack of analysis in the District Court's order, and instead urges that Traumann "plainly did not set forth 'extraordinary and compelling reasons' allowing consideration of compassionate release." Government's Motion for Summary Affirmance, Doc. No. 12, at 8. While that may be true, our standard of review asks whether the District Court "committed a clear error of judgment in the conclusion it reached *upon a weighing of the relevant factors*[.]" *Pawlowski*, 967 F.3d at 330 (emphasis added). The District Court needed to demonstrate that it undertook such an analysis before denying relief. Because it did not, the order is essentially unreviewable. Thus, we must vacate the order denying Traumann's motion for compassionate relief to allow the District Court to undertake the necessary analysis. We offer no opinion on the merits of Traumann's motion.

III

Traumann makes two other meritless arguments in his appeal, which we briefly address here. First, he maintains his innocence and raises factual objections to his conviction. These factual objections to his conviction in no way form a basis for consideration of compassionate release, and compassionate release is not a means of avoiding the standards for obtaining relief via § 2255 or § 2241. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). And, as noted above, this Court has already denied Traumann a certificate of appealability. *Supra* note 1.

Second, Traumann urges that changes to the statute under which he was charged give rise to an extraordinary and compelling reason necessitating compassionate release or a sentence reduction. Not so. At the time of his plea, § 2423(b) criminalized traveling in interstate commerce "*for the purpose of* engaging in illicit sexual conduct." 18 U.S.C. § 2423(b) (2015) (emphasis added). In a post-plea amendment to § 2423(b), Congress changed the italicized language to criminalize traveling in interstate commerce "*with a motivating purpose of*" engaging in illicit sexual conduct. *See* Abolish Human Trafficking Act of 2017, Pub. L. No. 115-392, § 14, 132 Stat. 5250, 5256 (2018). The amended version is facially broader than the version to which Traumann pleaded guilty and appears to have codified the longstanding interpretation of the prior version that the Government need not prove that the defendant's sole purpose in traveling was to engage in sexual activity. *United States v. Hayward*, 359 F.3d 631, 638 (3d Cir. 2004). There is

no reason to believe that Traumann would have received a more favorable outcome—or would not have pleaded guilty—under the amended statute.

In light of the above, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.